GARLIKOV, ADMR., ET AL. *v.* CONTINENTAL CASUALTY COMPANY, d.b.a. CNA INSURANCE COMPANY AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

[Cite as *Garlikov v. Continental Cas. Co.* (1993), 68 Ohio St.3d 91.]

(No. 93–133—Submitted November 10, 1993—Decided December 29, 1993.)

*Schottenstein, Zox & Dunn Co., L.P.A., Kevin R. McDermott, Bridgette C. Roman* and *Harvey Dunn; Kolsby, Gordon, Robin, Shore & Rothweiler* and *Mitchell J. Shore,* for petitioners.

*Stradley, Ronon, Stevens & Young, Francis X. Manning* and *Stephen C. Baker; Gallagher, Sharp, Fulton & Norman* and *Robert H. Eddy,* for respondent Continental Casualty Company.

*Hamilton, Kramer, Myers & Cheek* and *James R. Gallagher; Britt, Hankins, Schaible & Moughan* and *Brian A. Wall,* for respondent State Farm Mutual Automobile Insurance Company.

*Clark, Perdue, Roberts & Scott* and *Glen R. Pritchard,* in support of petitioners, for *amicus curiae,* Ohio Academy of Trial Lawyers.

*Dinsmore & Shohl* and *Stephen K. Shaw,* in support of respondents, for *amicus curiae,* Ohio Association of Civil Trial Attorneys.

---

*Per Curiam.* In our recent opinion in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, we held:

"Each person who is covered by an uninsured/underinsured policy and who is presumed to be damaged pursuant to R.C. 2125.01 has a separate claim subject to a separate per person policy limit." *Savoie, supra,* paragraph four of syllabus.

This holding directly answers the question posed by the United States District Court for the Eastern District of Pennsylvania.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

MOYER, C.J., concurring separately. I concur separately in the judgment entry in the above-styled case. As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced

in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

WRIGHT, J., dissenting. I must dissent in continuing protest to the majority's sundry holdings in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. As stated in the dissent in *Savoie*, that holding lacks sound reasoning, reverses ten years of established case law and flouts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.